UNITED STATES DISTRICT COURT　　　　NOT FOR PUBLICATION
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

PIERRE HENDRICKSON,

                Petitioner,

                                              **MEMORANDUM & ORDER**
    -against-                                05-CV-2549(ERK)

CALVIN E. WEST, SUPT.,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Korman, Ch. J.

      This petition challenges petitioner's plea of guilty. Petitioner's first claim – that his plea was not knowing, intelligent or voluntary – is meritless. Petitioner's statements at the time that he pled guilty contradict his allegations that his plea was not knowing, intelligent or voluntary: "The defendant heard and acknowledged the sentence promise, admitted that he was voluntarily pleading guilty [,] and stated that there was no 'pressure.'" Decision and Order of New York Supreme Court, dated December 10, 2004 at 3-4. This factual finding of the New York Supreme Court is entitled to a presumption of correctness. 28 U.S.C. § 2254(e)(1); <u>Marshal v. Lonberger</u>, 459 U.S. 422 (1983); <u>Summer v. Mata</u>, 449 U.S. 539 (1981); <u>see</u> <u>also</u> <u>United States v. Malcolm</u>, 432 F.2d 809, 814 (2d Cir. 1970) (rejecting claim of coerced plea resting "on nothing but Malcolm's bald conclusory allegation which is refuted by the record.).

      Petitioner's second claim – that trial counsel was ineffective – is likewise meritless. The deficiency petitioner alleged in the § 440.10 motion he filed in New York was the failure of counsel to fully explain to him the situation of his case. As the New York Supreme Court

found, "[i]n this case, defendant d[id] not allege he would have proceeded to trial had defense counsel fully explained to him the situation in his case." Decision and Order of New York Supreme Court, dated December 10, 2004 at 7. Moreover, it further noted that "the objective facts show that the counsel was able to obtain an extremely favorable sentence bargain against a very strong case by the prosecution." Id. Indeed, had petitioner gone to trial and been convicted of the top counts of second-degree burglary and second-degree arson in his indictment, he faced a potential sentence of two consecutive twenty-five year terms of imprisonment. Viewing the totality of defendant's plea, in light of the strength of the case against him, as well as the possible exposure he faced if convicted at trial, defendant failed to establish that he would have gone to trial had he been properly advised. Id.

To the extent that petitioner claims specifically that his plea was unknowing because he was unaware of the deportation consequences of his guilty plea, petitioner never raised those claims in his § 440.10 motion. Moreover, after inquiring about petitioner's citizenship status during the plea allocution, the judge advised petitioner that, if his plea of guilty "should have any impact on any immigration issue you may have, the plea and sentence stand regardless of that." Tr. 5, May 8, 2005. So that petitioner was not entirety ignorant of the effect his plea could have on his immigration status. In any event, even if petitioner was not, this claim is without merit. A defendant's lack of awareness of the possible deportation consequences of his guilty plea is not sufficient, in and of itself, to render a guilty plea involuntary. See United States v. Santelises, 509 F.2d 703, 703-04 (2d Cir. 1975); Chukwurah v. United States, 813 F.Supp 161 (E.D.N.Y. 1993); Wright, Federal Practice and Procedure: Criminal 3d § 173 and

cases cited in note 54. Nor does a defense counsel's failure to inform petitioner of the immigration consequences of his plea amount to ineffective assistance of counsel. See United States v. Santelises, 509 U.S. at 703-04; Santos v. Kolb, 880 F.2d 941, 944-45 (7th Cir.1989); Chukwurah v. United States, 813 F.Supp at 164.

## Conclusion

The petition is denied. I also deny a certificate of appealability

**SO ORDERED:**

Brooklyn, New York
February 22, 2006

　　S/
Edward R. Korman
United States Chief District Judge